KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>FELIPE ZAMORA-VILLELA(1),<br>JAVIER HERRERA-VALENCIA(2),<br><br>Defendant. | Criminal Case No. 08CR2571-JAH<br><br>DATE: September 12, 2008<br>TIME: 8:30 a.m.<br><br>GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY |

NOTICE OF MOTIONS

TO: Erica Zunkel, Esq., Counsel for defendant Felipe Zamora-Villela(1); and
Ricardo Gonzalez, Esq., Counsel for defendant Javier Herrera-Valencia(2).

PLEASE TAKE NOTICE that on Friday, September 12, 2008, at 8:30 a.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery.

//

//

//

//

//

//

MOTIONS

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, will hereby move the court for an order granting the Government's motions for reciprocal discovery.

DATED: September 8, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>FELIPE ZAMORA-VILLELA(1),<br>JAVIER HERRERA-VALENCIA(2),<br><br>Defendants. | ) | Criminal Case No. 08CR2571-JAH<br><br>DATE: September 12, 2008<br>TIME: 8:30 a.m.<br><br>STATEMENT OF FACTS AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of government's motion for reciprocal discovery.

//

//

//

//

//

//

//

**I**

**STATEMENT OF THE CASE**

On August 5, 2008, a federal grand jury for the Southern District of California returned a two-count Indictment, charging Defendants, Felipe Zamora-Villela and Javier Herrera-Valenica, with bringing in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and bringing in illegal aliens without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. Both Defendants were arraigned on the Indictment on August 5, 2008, and entered not guilty pleas.

**II**

**STATEMENT OF FACTS**

**A. IMMIGRATION HISTORY**

Defendant (1) Felipe Zamora-Villela is a United States citizen.

Defendant (2) Javier Herrera-Valenica is a citizen of Mexico.

**B. CRIMINAL AND ARREST HISTORY**

Defendant (1) Felipe Zamora-Villela, was apprehended on August 18, 2000, for alien smuggling, no charges were filed against Defendant(1) for this offense. On February 13, 2001, Defendant(1) was convicted of hit and run in violation of Cal. Motor Vehicle Code § 20001(a) and he was sentenced to 120 days' jail and 3 years probation.

On June 12, 2002, Defendant(2) Javier Herrera-Valenica was convicted of battery on a spouse/cohabitant in violation of Cal. Penal Code §§ 242 and 243(e)(1) and he was sentenced to 180 days' custody followed by probation.

**C. INSTANT OFFENSE**

On July 21, 2008, at approximately 10:30 p.m., Defendant(1) Felipe Zamora-Villela ("Zamora") made application for admission into the United States at the Otay Mesa, Port of Entry. Zamora was the driver of a 1983 Chevrolet van bearing California license plate number 6DVL490. Defendant(2) Javier Herrera-Valencia ("Herrera") was a passenger. Zamora presented a United States passport as proof of admissibility to Customs and Border Protection ("CBP") Officer Larry Hansen. Herrera presented a Permanent Resident Alien card.

Officer Hansen suspected that the United States passport was altered. He also noticed that the vehicle was not registered to either Defendant, and that the registration was only recently issued. Based upon these suspicions, Agent Hansen referred the vehicle to secondary for a more intensive inspection.

In secondary, CBP officers utilized a human detector dog to screen the vehicle. The human detector dog alerted to the dashboard area of the vehicle. CBP officers subsequently removed the dashboard and found a female, later identified as material witness Rosario Berenice Garcia-Alvarez, concealed in the dashboard area of the vehicle. Agents inspecting the vehicle discovered that the dashboard was modified to allow for a person to fit inside the dashboard area.

**1. Zamora's Statement**

On July 22, 2008, at approximately 2:33 a.m., CBP Officer Michael Prado advised Zamora of his Miranda rights in the Spanish language. Zamora waived his rights and agreed to speak to the investigating officers. Zamora stated that he previously drove the vehicle on July 14, 2008, and July 19, 2008. Zamora stated that on this occasion, he and Herrera traveled by trolley to Tijuana. At approximately 9:00 p.m., they picked up the van from a Hispanic male in the area of Colonial Libertad. Zamora stated that he was to drive the van to Gold Hills Park where he would leave the van with Herrera and catch a bus to his sister's house near the intersection of Euclid Avenue and Federal Street. Although he denied knowledge of the material witness in the dashboard, Zamora would not elaborate on the details of his trip from Tijuana to the United States.

Zamora did, however, provide information regarding his relationship to Herrera and the registered owner of the vehicle, Maria Guadalupe Tovar. Zamora stated that he has known Herrera for the past six years and that they were previously co-workers at Holiday Inn, Point Loma, California. Zamora stated that Maria Tovar asked him to cross the vehicle into the United States because she does not have proper entry documents.

**2. Herrera's Statement**

On July 22, 2008, at approximately 3:20 a.m., CBP Officer Velazquez advised Herrera of his Miranda rights. Herrera waived his rights and agreed to speak with officers. Herrera stated that one week prior to his apprehension, he bought the van from Maria Guadalupe Tovar for $1,500.00. Herrera stated that he paid $500.00 in advance pending a smog check and repairs.

Herrera stated that he has been a passenger in the van on two prior occasions while Tovar was driving. Herrera stated that on those occasions, he and Tovar traveled from Mexico into the United States at a port of entry. During each entry, Tovar presented a United States passport as an entry document. Herrera stated that he has also been a passenger in the vehicle on several occasions while traveling with Tovar in the United States. Herrera denied knowingly smuggling an undocumented alien into the United States.

**3. <u>Material Witness' Statement</u>**

The material witness, Rosario Berenice Garcia-Alvarez, stated that she is a citizen of Mexico without documents to enter or reside in the United States. The material witness stated that she made arrangements with a man in Tijuana, Mexico, to be smuggled into the United States for $3000.00. On the date of her apprehension, the material witness traveled from the hotel where she was staying, to a house at an unknown location. At the house, a man directed her to get into the compartment. During the drive to the port of entry, the passenger in the vehicle asked her if she was okay, and if she could breathe. The passenger also told her that there were 50 cars in front in line in front of them, waiting to make entry. The passenger also explained that they could stop and take her out of the compartment if she did not feel well. The material witness also stated that she heard the passenger tell the driver that he wanted to stop and use the restroom. The driver responded that they could not stop because they were already in the port of entry. The material witness stated that she also heard the driver and passenger speaking to the officers at the port of entry.

**III**

**<u>GOVERNMENT'S MOTIONS</u>**

**A. <u>UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY</u>**

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). On August 29, 2008, Defendant(1) filed a motion to compel discovery. To date, the Government has provided 130 pages of discovery and 2 cds/dvds to the defendants. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends

to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**IV**

**CONCLUSION**

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery be granted.

DATED: September 8, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
FELIPE ZAMORA-VILLELA(1),
JAVIER HERRERA-VALENCIA(2),
Defendant.

Criminal Case No. 08CR2571-JAH

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Erica Zunkel, Esq., Federal Defenders of San Diego**
Erica_Zunkel@fd.org
**Ricardo Gonzalez**
ricardo@attorneygonzalez.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2008.

s/ A. Dale Blankenship
A. DALE BLANKENSHIP